**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 09-cr-00151-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWANNA CLARK,

    Defendant.

---

**ORDER DENYING MOTION FOR NEW TRIAL**

---

The matter is before Court on Defendant's Motion for New Trial (Doc. # 43). For the following reasons, the Court denies the motion.

**I. BACKGROUND**

After a two-day jury trial, Defendant was convicted of Perjury Before the Grand Jury, in violation of Title 18, U.S.C., § 1623(a). According to the verdict form, the jury unanimously agreed that Defendant committed perjury when she responded to the question, "You never withdrew any money from the [IRP] bank account?" by testifying, "No."

After trial, Defendant and her family hired Judith A. Housley, a Board Certified Forensic Document Examiner to (a) examine withdrawal slips and checks allegedly

executed by Defendant at Wells Fargo banks[1] and (b) compare these documents to known handwriting samples of Defendant.

Ms. Housley found, within a reasonable degree of scientific certainty, that the documents do not appear to contain the known handwriting/signature of Defendant. Instead, they were consistent with known handwriting/signatures of Yolanda B. Walker.

Citing this "newly discovered evidence", Defendant moves for a new trial under Fed.R.Crim.P. 33.  (Doc. # 43.)  The Government opposes.  (Doc # 50.)

## II. DISCUSSION

**A.    LAW**

To prevail in a motion for new trial based on newly discovered evidence, a defendant must prove that:

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*United States v. Redcorn*, 528 F.3d 727, 743 (10th Cir. 2008) (citation omitted).

**B.    ANALYSIS**

Defendant argues she deserves a new trial because the handwriting evidence constitutes "newly discovered evidence" under Rule 33.  It is "newly discovered", she argues, because it was not until after the trial that she understood that the jury focused

---

[1] These examined documents were portions of the Wells Fargo bank records introduced by the government as Exhibit 12.

on her alleged bank withdrawals, rather than her overall banking transactions and statements.  Defendant concedes that all of the alleged perjurious statements in the Indictment were known to her before trial.  She argues, however, that she made the tactical and practical decision not to engage in handwriting analysis regarding the withdrawal slips because of the overall discovery in the case and because the government had not engaged in a similar effort to tie Defendant to this evidence through forensic analysis.

After evaluating the five prerequisites, the Court finds that Defendant's argument must fail.

### 1.   Was The Evidence Discovered After Trial?

First, as Defendant admits, this evidence was known to her before trial, *i.e.*, she knew of the withdrawal slips allegedly bearing her signature and she knew of the criminal charges against her – that she lied when she told a Grand Jury that she had not made the withdrawals which the withdrawals slips indicate she had made.  Accordingly, Defendant fails to satisfy this prerequisite.

### 2.   Was The Failure To Learn Of The Evidence Caused By Defendant's Own Lack Of Diligence?

Second, any failure to learn of the evidence was because of her lack of due diligence.  Defendant claims that due to tactical and practical considerations, she did not pursue this possible defense.  However, regardless of why it was made, her decision to not acquire a handwriting analysis – when the Government's evidence that she lied about making a withdrawal included withdrawal slips bearing her signature –

is not an example of due diligence.  It is the opposite.  Accordingly, Defendant fails to satisfy this prerequisite for a new trial.

### 3. Is The New Evidence Merely Impeaching Evidence?

Third, the Government argues this evidence is merely impeaching evidence because Defendant admitted at trial that she signed the signature cards for the IRP account.  Thus, the argument goes, the jury already had an independent basis from which to compare Defendant's *admitted* signature with her *alleged* signature.  That may be so, but that does not detract from the independent substantive value of this hand-writing analysis.  Ms. Housley's hand-writing analysis and presumed testimony would show that the withdrawal slip was signed from someone other than Defendant.  It would be substantive evidence showing Defendant's non-guilt, *i.e.*, that she was not lying when she testified that she had never withdrawn funds from the IRS bank account.  Because it is not merely impeaching evidence, Defendant satisfies this prerequisite.

### 4. Is The New Evidence Material To The Principal Issues Involved?

Fourth, if the Court assumes the authenticity and admissibility of this hand-writing analysis, it would satisfy this prerequisite for receiving new trial.  The hand-writing analysis would be material to the principal issue involved in the trial, *i.e.*, whether Defendant lied when she told the Grand Jury she had never withdrawn funds from the IRS bank account.

### 5. Is the New Evidence Of Such A Nature That In A New Trial It Would Probably Produce An Acquittal?

Finally, the new evidence is not of such a nature that it would probably produce an acquittal. Defendant argues that this handwriting analysis, suggesting that someone other than Defendant engaged in the at-issue banking transactions, constitutes the type of evidence that would directly contradict a jury finding that Defendant lied regarding those transactions. That may be true, but given the other evidence of Defendant's guilt, as outlined above, Ms. Housley's handwriting analysis cannot be said to "probably" produce an acquittal.

## III. CONCLUSION

For the reasons stated above, Defendant has failed to prove that she is entitled to a new trial based on newly discovered evidence. As such Defendant's Motion for New Trial is DENIED.

DATED: January   19  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge